**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN HIRATSUKA, | No.    22-35180 |
| Petitioner-Appellant, | D.C. No.<br>3:21-cv-00018-SLG-MMS |
| v. | |
| EARL HOUSER, State of Alaska Dept of Cor. Superintendent III, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 17, 2023[**]
Anchorage, Alaska

Before:  MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Petitioner-Appellant Allen Hiratsuka appeals the district court's denial of his

pretrial habeas petition on *Younger* abstention grounds.  Hiratsuka contends that

the two-and-half-year delay of his pretrial proceedings since he was charged and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indicted with one count of second-degree sexual assault violates his Sixth Amendment right to a speedy trial. We have jurisdiction under 28 U.S.C. §§ 2241(c)(3), 2253(a), and 1291, and we affirm.

Because the Alaska appellate courts have not yet had the opportunity to examine the merits of Hiratsuka's constitutional claims, the Supreme Court's decision in *Younger v. Harris* mandates that we abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. 401 U.S. 37, 45 (1971). And Hiratsuka has failed to show any "special circumstances" warranting federal intervention. *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

First, although Hiratsuka's attorney did not raise the speedy-trial issue in the trial court, Alaska appellate courts are not precluded from considering the issue on appeal. Indeed, for at least fifty years, the Alaska Supreme Court has been willing to "consider errors involving deprivation of fundamental rights of [an] appellant for the first time on appeal," including those involving speedy-trial violations. *Tarnef v. State*, 512 P.2d 923, 930−31 (Alaska 1973) (considering an unpreserved speedy-trial claim).

Second, while Hiratsuka argues that the state trial court refused to allow him to file *pro se* pleadings while represented by counsel and refused to allow him to represent himself, he has not shown that he would be unable to challenge these

2

decisions on appeal. In response to Hiratsuka's *pro se* motions and requests to represent himself, the court clerk rejected the *pro se* filings and the trial court held several representations hearings, ultimately denying Hiratsuka's requests to represent himself. Hiratsuka therefore properly preserved the trial court's refusal to allow him to file *pro se* motions or represent himself and may challenge those decisions on direct appeal. *See Hinshaw v. State*, 515 P.3d 129, 131 (Alaska Ct. App. 2022) (reversing conviction because trial court erred in refusing to allow the defendant to represent himself).

Third, Hiratsuka's futility argument is misplaced. Hiratsuka contends that it is "futil[e]" to "pursu[e] the state court appellate process" because he believes that he would be precluded from appealing his speedy-trial claim. He therefore argues this court should make an exception to the requirement that he fully exhaust his remedies in state court. But Hiratsuka has not shown that state court remedies would be unavailable to him (as discussed above) and, moreover, does not cite any authority supporting a futility exception to *Younger* abstention. In fact, Supreme Court precedent suggests that such an exception does not exist. The Supreme Court has made clear that "a necessary concomitant of *Younger* is that a party wishing to contest in federal court the judgment of a state judicial tribunal must exhaust his state appellate remedies before seeking relief in the District Court." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 369 (1989)

3

(cleaned up). Hiratsuka has yet to exhaust his state appellate remedies and has not shown that a futility exception exists.

**AFFIRMED**.